UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LOW LIN SAEPHARN, ) ) | |
|     Petitioner, ) ) | Case No. SACV 12-293-TJH (AJW) |
|   v. ) ) | MEMORANDUM AND ORDER DISMISSING PETITION |
| HOLDER, et al., ) ) | |
|     Respondents. ) | |

    On February 24, 2012, petitioner, a Laotian national, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. According to petitioner, he has been detained by Immigration and Customs Enforcement ("ICE") since September 13, 2011 based upon a removal order. Petitioner contends that his detention is unconstitutional because ICE is unlikely to be able to effect his removal to Laos in the foreseeable future. [Petition at 1-4]. At the time he filed the petition, petitioner was in ICE custody pursuant to a final order of removal.

    On April 3, 2012, respondent filed a document entitled "Notice of Petitioner's Release From Custody; Suggestion of Mootness," arguing that the petition should be dismissed as moot. Petitioner did not

file an opposition.[1]

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Abdala v. Immigration & Naturalization Service, 488 F.3d 1061, 1063-1064 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008). Federal courts lack jurisdiction over moot questions. North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982); Abdala, 488 F.3d at 1064.

Petitioner does not challenge the final order of removal. Instead, petitioner complains that he is being detained without any likelihood that he will be removed to Laos within the reasonably foreseeable future. Petitioner, however, was released on supervision on March 23, 2012. [Notice of Release, Declaration of Mariela Torres & Ex. 1]. Thus, he already has obtained the relief he sought, and there is no additional relief that this Court could grant petitioner. Because petitioner no longer has any legally cognizable interest in the resolution of this petition, it is moot. See Abdala, 488 F.3d at 1064 ("a petitioner's release from detention under an order of supervision 'moot[s] his challenge to the legality of his extended detention.'") (quoting Riley v. Immigration & Naturalization Service, 310 F.3d 1253, 1256-1257 (10th Cir. 2002)).

---

[1] Pursuant to Local Rule 7-12, failure to file an opposition may be deemed to be consent to the granting of the motion. Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose the motion.

1   Accordingly, this petition for a writ of habeas corpus is
2   **dismissed as moot.**
3   **It is so ordered.**

5   Dated: April 27, 2012

            _____
            Terry J. Hatter, Jr.
            United States District Judge

3